### ROBERT GRACY v. THE STATE.

No. 310.  Decided January 19, 1910.

**1.—Local Option—Charge of Court—Agency—Practice on Appeal.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared from the record that the court had properly charged on the question of agency as raised by the evidence, and the motion for new trial did not set out the reason why the court erred in refusing requested instructions upon this phase of the case, there was no error in refusing a new trial.

**2.—Same—Charge of Court—Sale—Requested Charges.**

Upon trial for a violation of the local option law, where the defendant complained of the court's charge upon the definition of a sale, and there was no special charge requested, the matter could not be reviewed on appeal.

Appeal from the County Court of Lampasas.  Tried below before the Hon. M. M. White.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was had for an alleged violation of the local option law.

The evidence discloses that Walter Stokes, John Skinner and G. H. Jones were on a fishing excursion on the Colorado River some distance from the town of Lampasas. While there they exhausted their supply of whisky, and G. H. Jones went to the town of Lampasas to secure an additional supply. Stokes and Skinner gave him a couple of notes, one to Richey for $3.75, and the other addressed to appellant, the purpose of which was to secure the whisky. The note or order for $3.75 was delivered together with the other note. Jones secured a gallon of whisky and returned. En route he stopped at the residence of Landers, who had given him $1.25 with which to purchase a bottle of whisky for him, Landers, while he, Jones, was in Lampasas. Appellant received the $5, $3.75 obtained for the purchase of the whisky for Skinner and Stokes, and $1.25 given him by Landers. On Jones' return from Lampasas to the river Landers got his bottle of whisky, and also took another bottle from the buggy, stating he would make it all right with Stokes and Skinner. Appellant testified that he was working on a building, and Skinner came by and inquired if he had any whisky, and he gave Skinner a drink. Skinner then requested appellant to order him a gallon of whisky, stating he was going out to the ranch and would be back before long. He further stated that he had no money, and asked appellant to order him the whisky and pay for it, or rather to loan him the money and pay for the whisky, and that he would return the money. Appellant consented to do this, and ordered the whisky from Temple. It came by express about the eighteenth. On the eighteenth Jones was in Lampasas and got this whisky. Appellant's contention was that he had ordered the gallon of whisky for Skinner under the circumstances stated. Harris testified that he was the express agent at Lampasas; that he represented the only express company doing business at that place, and that his books showed on the 18th of January appellant received a package of liquor weighing 150 pounds; that it was shipped from Warren at Belton, and the expenses on it were not prepaid; that appellant paid same, which amounted to $1.35; that one gallon jug of whisky weighs about thirteen pounds; that he found no other shipment to appellant either directly before or after the large shipment mentioned except one bottle of whisky weighing five pounds, which was taken out by

defendant on the 16th of January. Appellant had testified that he ordered the whisky which came from Warren; he stated he did not send the money but that the whisky came express prepaid. Appellant was recalled after the express agent testified, and asked by his attorney to explain his meaning when he stated that he had received one gallon of whisky prepaid on the 18th. He stated that this entire package, weighing 150 pounds, was consigned to him, and that he only had one gallon of whisky in it; that he carried the entire amount to an Ino store, where he opened it and got out his whisky, but did not know who ordered the balance of the whisky in the package. That to save express charges sometimes several parties would club together and order, and as thus ordered it would all be shipped in one name; that in this way the freight or express charges are cheaper. This is about the substance of the testimony.

The court charged the jury, in regard to appellant's theory of the case, as follows: "Should you believe from the evidence, or should have a reasonable doubt that the defendant, acting as the agent for the witness, John Skinner, ordered and came into the possession of the intoxicating liquor, and in good faith delivered the same to witness Jones as the property of the said Skinner and that defendant had no interest in, nor received, nor was promised anything of value for so ordering and delivering such intoxicating liquors to the said Jones, you will acquit the defendant."

Appellant asked the court to charge the jury as follows, which the court refused to do: "If the defendant, Bob Gracy, only acted as the agent for Jack Skinner in procuring for him intoxicating liquors and procured the same from a third party as an act of accommodation to said Skinner, and had no pecuniary interest in the price paid for same, then in that event you will find defendant not guilty." Again, he asked the following charge, which was refused: ". . . Now, in order to convict defendant you must believe from the evidence beyond a reasonable doubt that the defendant was acting as agent of the whisky dealer, from whom same was ordered, in procuring said sale, or was interested in the sale of said whisky."

Appellant insists the court was in error in not giving these charges. The only manner in which this matter is presented is found in the motion for new trial, in which it is stated that the court erred in not giving the special instructions. Why this was error is not pointed out, and in fact no reason is assigned why it is error. This is not sufficient. These matters are too general to point out any error or supposed error on the part of the court. The motion for new trial further states the court was in error in omitting to charge the definition of a sale. There was no special charge asked in this respect, and this being a misdemeanor, in order to take advantage of this omission, a special charge should have been asked, and exception taken to the

court's charge and the refusal to give special instruction. This is well settled. As the matter is presented we are of opinion that this court can not review these matters.

As the record is before us, we are of opinion there is no sufficient reason why the conviction should be set aside and the judgment reversed, therefore, it is ordered that it be affirmed.

*Affirmed.*